**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Date Submitted: April 25, 2025
Date Decided: April 28, 2025

Joel Friedlander, Esquire
Jeffrey M. Gorris, Esquire
Christopher M. Foulds, Esquire
Friedlander & Gorris, P.A.
1201 N. Market Street, Suite 2200
Wilmington, DE 19801

A. Thompson Bayliss, Esquire
John M. Seaman, Esquire
Christopher Fitzpatrick Cannataro,
Esquire
Nicholas F. Mastria, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Blake Rohrbacher, Esquire
Kevin M. Gallagher, Esquire
Kyle H. Lachmund, Esquire
Sandy Xu, Esquire
Elizabeth Freud, Esquire
Benjamin O. Allen, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

RE:  *In re Fox Corporation Derivative Litigation*,
C.A. No. 2023-0418-BWD

Dear Counsel:

This letter resolves Defendants' Motion for Leave to Move for Summary Judgment (the "Motion"). Defs.' Mot. for Leave to Move for Summ. J. [hereinafter Mot.], Dkt. 108. The Motion is granted.

As you know, Defendants previously moved to dismiss the complaint in this derivative action under Court of Chancery Rule 23.1. "A cardinal precept" of

Delaware law is "that directors, rather than shareholders, manage the business and affairs of the corporation." *Aronson v. Lewis*, 473 A.2d 805, 811 (Del. 1984) (citing 8 *Del. C.* § 141(a)), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). "The board's authority to govern corporate affairs extends to decisions about what actions the corporation should take after being harmed, including whether the corporation should sue its present or former fiduciaries." *In re Fox Corp. Deriv. Litig.*, 2024 WL 5233229, at *7 (Del. Ch. Dec. 27, 2024) [hereinafter Mem. Op.]. "In order for a stockholder to divest the directors of their authority to control the litigation asset and bring a derivative action on behalf of the corporation, the stockholder must" (1) make a demand on the company's board of directors or (2) show that demand would be futile. *Lenois v. Lawal*, 2017 WL 5289611, at *9 (Del. Ch. Nov. 7, 2017) (first citing Ct. Ch. R. 23.1(a); and then citing *Kaplan v. Peat, Marwick, Mitchell & Co.*, 540 A.2d 726, 730 (Del. 1988)).

When evaluating allegations of demand futility, our Court considers, on a director-by-director basis,

> (i) whether the director received a material personal benefit from the alleged misconduct that is the subject of the litigation demand; (ii) whether the director faces a substantial likelihood of liability on any of the claims that would be the subject of the litigation demand; and (iii) whether the director lacks independence from someone who received a material personal benefit from the alleged misconduct that would be the subject of the litigation demand or who would face a

> substantial likelihood of liability on any of the claims that are the subject of the litigation demand.

*United Food & Com. Workers Union & Participating Food Indus. Emps. Tri-State Pension Fund v. Zuckerberg*, 262 A.3d 1034, 1059 (Del. 2021). "If the answer to any of the questions is 'yes' for at least half of the members of the demand board, then demand is excused as futile." *Id.*

On December 27, 2024, the Court issued a Memorandum Opinion Denying the Defendants' Motion to Dismiss (the "Memorandum Opinion"). The Memorandum Opinion explained that to adequately plead demand futility, "the plaintiff must raise a reasonable doubt about the disinterestedness or independence of at least four" of Fox Corporation's ("Fox") eight directors. Mem. Op. at *2. The Memorandum Opinion concluded that the complaint alleges particularized facts sufficient to support a reasonable inference that Fox director K. Rupert Murdoch "faces a substantial risk of liability for breaching his duty of loyalty by deciding in bad faith to have the Company violate the law." *Id.* It further concluded that the complaint alleges sufficient facts to support an inference that at least three other directors—Lachlan K. Murdoch, Chase Carey, and Jacques Nasser—lack independence from Murdoch, based on allegations of "close and longstanding business and personal ties." *Id.* The Memorandum Opinion therefore denied the motion to dismiss under Rule 23.1.

Through the pending Motion, "Defendants seek leave to move for summary judgment on a narrow and clear issue: whether there exists evidence to support the conclusion that Jacques Nasser is not independent of Rupert Murdoch and so cannot impartially evaluate the claims against him in this lawsuit." Mot. ¶ 1. Defendants hope "[t]he motion [for summary judgment], if granted, will dispose of the case and save the parties millions of dollars in litigation expense." *Id.* Plaintiffs oppose the Motion, arguing that permitting targeted discovery in advance of a summary judgment motion would be inefficient and inconsistent with the law of the case. Pls.' Opp'n to Defs.' Mot. "for Leave to Move for Summ. J." [hereinafter Opp'n] ¶¶ 5, 18–21, Dkt. 115.

Whether to stage discovery and to permit briefing on summary judgment are matters of judicial discretion.[1] I am convinced that granting the Motion is the most

---

[1] After a motion to dismiss under Rule 23.1 is denied, the Court retains the "discretion to entertain a motion for summary judgment on the demand futility issue." *In re McDonald's Corp. S'holder Deriv. Litig.*, 291 A.3d 652, 700 (Del. Ch. 2023); *see id.* at 697 ("Nothing prevents a court from analyzing demand futility on a motion for summary judgment."); *In re BGC P'rs, Inc. Deriv. Litig.*, 2021 WL 4271788, at *5 (Del. Ch. Sept. 20, 2021) (considering demand futility on summary judgment).

The Court likewise may stage discovery in its discretion. *See, e.g.*, *Anchorage Police & Fire Ret. Sys. v. Adolf*, 2025 WL 1000153, at *2 (Del. Ch. Apr. 3, 2025) (explaining "it seems imprudent to allow the plaintiffs full-blown discovery into the sale process if the plaintiffs cannot prove the facts underlying their one viable disclosure theory"); *McDonald's*, 291 A.3d at 700 (explaining that in connection with an early-stage motion for summary judgment on demand futility, "full merits discovery would not be warranted"); *Caravias v. Interpath Commc'ns, Inc.*, 2008 WL 2268355, at *5 (Del. Ch.

efficient path forward here. Doing so will not encourage seriatim motions; the parties should understand that the Court is disinclined to consider multiple dispositive motions before trial. Nor does the Motion implicate the law of the case doctrine. Defendants do not "ask[] this Court to re-adjudicate the sufficiency of the particularized allegations respecting Nasser's relationship with Rupert Murdoch[,]" as Plaintiffs suggest. Opp'n ¶ 19. Allegations are not evidence, and the law of the case doctrine does not foreclose a potential offramp if the theories pled in the complaint do not hold up.[2]

The Motion is granted. The parties are directed to meet and confer on the scope of discovery into Nasser's disinterestedness and independence and a briefing

---

May 28, 2008) (ordering limited discovery "in the interests of economy and efficiency" to permit "consideration of [timeliness defenses] under a summary judgment standard").

[2] *See Kahn v. Tremont Corp.*, 1992 WL 205637, at *4 n.2 (Del. Ch. Aug. 21, 1992) ("[W]hen the pleading itself is sufficient to excuse pre-suit demand, defendants are, of course, still free to show on summary judgment by uncontradicted facts that the allegations made are untrue and there is therefore no proper standing."); *see also Heineman v. Datapoint Corp.*, 1990 WL 154149, at *3 (Del. Ch. Oct. 9, 1990) ("If a review of the actual facts would show that these two aspects of the complaint are in fact and should in law be treated as completely independent, then that may be shown in an application for summary judgment.").

schedule to govern Defendants' forthcoming motion for summary judgment.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor


cc:     All counsel of record (by File & ServeXpress)